FILED IN OPEN COURT
U. S. DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
7-25-03
DATE      DEP. CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| TERESA BAUMAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUPERIOR FINANCIAL CORP., C. STANLEY BAILEY, RICK D. GARDNER, C. MARVIN SCOTT, HOWARD McMAHON JOHN M. STEIN, BEN F. SCROGGIN, BRIAN A. GAHR, JOHN E. STEURI, DAVID H. STUBBLEFIELD, ERNST & YOUNG, LLP, and JOHNNY McCALEB,<br><br>Defendants. | Civ. Action No. 4-01-CV-00756 GH<br><br>CLASS ACTION |

[PROPOSED] FINAL JUDGMENT AND
ORDER OF DISMISSAL WITH PREJUDICE

5

This matter came before the Court for hearing pursuant to the Order of this Court, dated June 9, 2002, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of April 23, 2003 (the "Stipulation"). Due and adequate notice having been given to the class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing thereof,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all members of the class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure this Court certifies a class as all persons who purchased the common stock of Superior Financial Corporation the period from January 20, 2000 through April 1, 2002, inclusive. Excluded from the class are Defendants, their affiliated and any of their officers or directors or their affiliates, and any members of the immediate family of the Defendants, any entity in which any Defendant has a controlling interest; and the legal representatives, heirs, successors, or assigns of any such excluded party.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Stipulation and finds that the contributions to the Settlement Fund are fair and that said settlement is, in all respects, fair, just, reasonable and adequate to the class.

5. This Court hereby dismisses with prejudice and without costs (except as otherwise provided in the Stipulation) the Litigation against the Settling Defendants, and Defendants Ernst & Young, LLP and Johnny McCaleb.

6. The Court finds that the Stipulation and settlement are fair, just, reasonable and adequate as to each of the parties, and that the Stipulation and settlement are hereby finally approved in all respects, and the parties are hereby directed to perform its terms.

7. Upon the Effective Date hereof, the Plaintiffs and each of the class members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released,

relinquished and discharged all released claims against the released persons, whether or not such class member executes and delivers a Proof of Claim and Release.

8. This Judgment permanently bars and enjoins the Plaintiffs and all class members from instituting, commencing or continuing, in any capacity, any and all actions or proceedings, of any kind whatsoever, against any of the released parties based upon, related to, arising from or connected with any of the released claims, all of which released claims are hereby declared compromised, settled, released, dismissed with prejudice and extinguished by virtue of the proceedings herein and this Judgment.

9. Upon the Effective Date hereof, each of the released persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged each and all of the class members and counsel to the Plaintiffs from all claims (including Unknown Claims), arising out of, in any way relating to, or in connection withe the institution, prosecution, assertion, settlement or resolution of the Litigation, or the released claims, except claims to enforce the releases and other terms and conditions contained in the Stipulation.

10. The Notice of Settlement of Class Action provided to the class was the best notice practicable under the circumstances, including the individual notice to all members of the class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all persons entitled to such notice, and said Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

11. In accordance with the provisions of the PSLRA, 15 U.S.C. §78u-4, each of the released persons is by virtue of the settlement of the Litigation as set forth in the Stipulation, discharged from all claims for contribution, in whatever form such claims may be brought, that have been or may be brought by or on behalf of the Defendants, or any other persons based upon, relating to or arising out of the released claims, any claim that has been or could be raised in the Litigation, or the acts, facts or events alleged in the Litigation.

12. Accordingly, the Defendants and all other persons are hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any such claim for contribution, in whatever form such claim may be brought against any released person based upon, relating to, or arising out of the

released claims, any claim that has been or could be raised in the Litigation, or the acts, facts or events alleged in the Litigation, and the released persons are hereby permanently barred, enjoined and restrained from commencing, prosecuting or asserting any claim for contribution in whatever form such claim may be brought, against the Defendants, or any other persons based upon, relating to, or arising out of the released claims, any claim that has been or could be raised in the Litigation, or the acts, facts or events alleged in the Litigation.

13. The Defendants are also hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any other claim, however styled, whether for indemnification, contribution or otherwise, and whether arising under state, federal or common law, against the released persons based upon, arising out of or relating to the released claims, any claim that has been or could be raised in the Litigation, or the acts, facts or events alleged in the Litigation. The released persons are also hereby permanently barred, enjoined and restrained from commencing, prosecuting or asserting any other claim, however styled, federal or common law, against the Defendants based upon, arising out of or relating to the Released Claims, any claim that has been or could be raised in the Litigation, or the acts, facts or events alleged in the Litigation.

14. Neither the Stipulation nor the settlement contained therein, nor any act performed or documents executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, the validity or lack thereof of any released claim, or of any wrongdoing or liability of the Defendants; or(b) is or may be deemed to be or may be used as ad admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. Nothing in this paragraph shall prevent the use of the Stipulation by the Defendants in any litigation against their insurers.

15. The Court finds that during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of the Federal Rule of Civil Procedure 11.

16. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and expenses (including fees and costs of experts and/or consultants) in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

17. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18. The Court finds that there is no just reason for delay in the entry of this Final Judgment and Order of Dismissal with Prejudice as a final judgment. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court expressly directs the entry of final judgment as to the released claims against the released persons as set forth herein.

IT IS SO ORDERED.

DATED July 25, 2003.

George Howard, Jr.
UNITED STATES DISTRICT JUDGE

Respectfully submitted for approval by:

_____
S. Gene Cauley, Esq.
Curtis L. Bowman, Esq.
Randall K. Pulliam, Esq.
Colette D. Honorable, Esq.
Cauley Geller Bowman & Rudman, LLP
P.O. Box 25438
Little Rock, AR 72221

Bill D. Reynolds, Esq.
Nolan, Caddell & Reynolds, P.A.
122 N 11th Street
Fort Smith, AR 72901

William M. Hudson, Esq.
Oats & Hudson
Gordon Square
100 East Vermillion Street, Suite 400
Lafayette, LA 70501

**Counsel for the Plaintiffs**

loj

UNITED STATES DISTRICT COURT
Eastern District of Arkansas
U.S. Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325

July 28, 2003

\* \* MAILING CERTIFICATE OF CLERK \* \*

Re:   4:01-cv-00756.

True and correct copies of the attached were mailed by the clerk to the following:    press, file, post

    Benjamin H. Harris III, Esq.
    Miller, Hamilton, Snider & Odom, L.L.C.
    254 State Street
    Post Office Box 46
    Mobile, AL   36601-0046

    Thomas J. Woodford, Esq.
    Miller, Hamilton, Snider & Odom, L.L.C.
    254 State Street
    Post Office Box 46
    Mobile, AL   36601-0046

    Donald H. Henry, Esq.
    Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.
    425 West Capitol Avenue
    Suite 1800
    Little Rock, AR   72201-3525

    John Keeling Baker, Esq.
    Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.
    425 West Capitol Avenue
    Suite 1800
    Little Rock, AR   72201-3525

    Rex M. Terry, Esq.
    Hardin, Jesson & Terry
    Superior Federal Tower
    5000 Rogers Avenue, Suite 500
    Post Office Box 10127
    Fort Smith, AR   72903-0127

    Bradley D. Jesson, Esq.
    Hardin, Jesson & Terry
    Superior Federal Tower
    5000 Rogers Avenue, Suite 500

Post Office Box 10127
Fort Smith, AR   72903-0127

William M. Hudson, Esq.
Oats & Hudson
Gordon Square
100 East Vermillion Street
Suite 400
Lafayette, LA   70501

James Allen Carney Jr., Esq.
Cauley Geller Bowman & Coates, LLP
Post Office Box 25438
Little Rock, AR   72221-5438

Randall Keith Pulliam, Esq.
Cauley Geller Bowman & Coates, LLP
Post Office Box 25438
Little Rock, AR   72221-5438

Curtis L. Bowman, Esq.
Cauley Geller Bowman & Coates, LLP
Post Office Box 25438
Little Rock, AR   72221-5438

Steven Eugene Cauley, Esq.
Cauley Geller Bowman & Coates, LLP
Post Office Box 25438
Little Rock, AR   72221-5438

Scott E. Poynter, Esq.
Cauley Geller Bowman & Coates, LLP
Post Office Box 25438
Little Rock, AR   72221-5438

Bill D. Reynolds, Esq.
Nolan, Caddell & Reynolds, P.A.
404 North Seventh Street
Post Office Box 184
Fort Smith, AR   72902-0184

R. Christopher Lawson, Esq.
Friday, Eldredge & Clark
Regions Center
400 West Capitol Avenue
Suite 2000
Little Rock, AR   72201-3493

Kevin A. Crass, Esq.
Friday, Eldredge & Clark
Regions Center
400 West Capitol Avenue
Suite 2000
Little Rock, AR   72201-3493

Frederick S. Ursery, Esq.
Friday, Eldredge & Clark
Regions Center
400 West Capitol Avenue
Suite 2000

Little Rock, AR  72201-3493

|  |  |
|---|---|
| | James W. McCormack, Clerk |
| Date: 7/28/03 | BY: Lorna Jones |