**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MAY 1 8 2004

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

| | |
|---|---|
| TERESA BAUMAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUPERIOR FINANCIAL CORP.,<br>C. STANLEY BAILEY, RICK D. GARDNER,<br>C. MARVIN SCOTT, HOWARD McMAHON<br>JOHN M. STEIN, BEN F. SCROGGIN,<br>BRIAN A. GAHR, JOHN E. STEURI,<br>DAVID H. STUBBLEFIELD, ERNST &<br>YOUNG, LLP, and JOHNNY McCALEB,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>Civ. Action No. 4-01-CV-00756 GH<br><br>CLASS ACTION |

## MOTION FOR APPROVAL OF FINAL DISPOSITION
## OF THE SETTLEMENT FUND

Defendants respectfully move for an order approving the final disposition of the Settlement Fund in this action. The deadline for filing of claims by class members has passed, and no eligible claims were filed. An affidavit to that effect from the claims administrator is attached, along with a copy of the notice provided to those persons who filed claims that were not eligible for payment.

Defendants respectfully request an order approving the final disposition of the Settlement Fund, by returning the same to the defendants. Defendants will return the same to the insurance carrier that provided the funds, with deductions for payment of appropriate costs related to the administration of the settlement, including the fee of the claims administrator.

56

Respectfully submitted,

Ben H. Harris, III
Miller, Hamilton, Snider & Odom, L.L.C.
254 State Street
P.O. Box 46
Mobile, AL 36601

And:

Donald H. Henry, Esq.
Mitchell, Williams, Selig, Gates & Woodyard
425 W. Capitol Ave.
Little Rock, AR 72201

Counsel for Defendants

2

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing on the following by first-class United States Mail on May *18*, 2004:

Kevin S. Crass, Esq.
Friday, Eldredge & Clark, LLP
2000 Regions Center
400 West Capitol Avenue
Little Rock, AR 72201

Steven E. Cauley, Esq.
Cauley, Geller, Bowman & Coates, LLP
P.O. Box 25438
Little Rock, AR 72221

Bill D. Reynolds, Esq.
Nolan, Caddell & Reynolds, P.A.
122 N 11th Street
Fort Smith, AR 72901

William M. Hudson, Esq.
Oats & Hudson
Gordon Square
100 East Vermillion Street, Suite 400
Lafayette, LA 70501
Counsel for the Plaintiffs

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TERESA BAUMAN, on behalf of herself )
and all others similarly situated, )
                         )
       Plaintiff, )
                         )
      v. )       Civ. Action No. 4-01-CV-00756 GH
                         )
SUPERIOR FINANCIAL CORP., )
C. STANLEY BAILEY, RICK D. GARDNER, ) CLASS ACTION
C. MARVIN SCOTT, HOWARD B. McMAHON) AFFIDAVIT OF MAILING
JOHN M. STEIN, BEN F. SCROGGIN, )
BRIAN A. GAHR, JOHN E. STEURI, )
DAVID E. STUBBLEFIELD, ERNST & )
YOUNG, LLP, and JOHNNY McCALEB, )
                         )
      Defendants. )

STATE OF WISCONSIN   (
                        (
MILWAUKEE COUNTY   (

I, Anya Verkhovskaya-Cohen, being duly sworn, declare as follows:

1. I am the Senior Vice President of A.B. Data, Ltd.'s Class Action and Complex Litigation Support Services Division ("A.B. Data") in Milwaukee, WI that offers a full range of class action and complex litigation support services. My business address is 8050 N. Port Washington Rd., Milwaukee, WI 53217. My telephone number is (414) 540-5012.

2. I submit this declaration in connection with the shareholder Notice of Pendency/Proof of Claim program in *Teresa Bauman, et al. v. Superior Financial Corp.*, Civ. Action No. 4-01-CV-00756 GH, United States District Court, Eastern District of Arkansas, Western Division, at the request of the Defense Counsel.

3. This declaration is based upon my personal knowledge and upon information provided by the Defense Counsel, my associates, and staff.

4. A.B. Data, Ltd. was responsible for the notice administration as per the request of the Defense Counsel. This Affidavit reports regarding the implementation of the notice

1

program that consisted of direct mailing of the Notice, for which A.B. Data was responsible, to shareholders, nominee holders, and brokers.

5.  On May 13, 2003, A.B. Data received a file from the Superior Corporation's transfer agent containing a total of 1,310 shareholders' records ("Database"). These names and addresses were to be mailed the Court-approved Notice of Pendency and Proof of Claim and Release Form ("Notice Packet") attached hereto as Exhibit A.

6.  Also, as part of the mailing, a file was produced from A.B. Data's existing database of the largest brokerage firms, banks, institutions and other nominees (the "Broker Mailing").

7.  On or about June 24, 2003, A.B. Data printed the Notice Packets and prepared the mailing.

8.  On June 27, 2003 the Databases were sent to undergo an Address Standardization and Change of Address (COA) search. Address standardization included processes of CASS (Coding Accuracy Support System), and DPV (Delivery Point Validation). The address search process included FastForward®, a system of the United States Postal Service that contains more than 21 million permanent change-of-address (COA) records filed with the Postal Service by relocating customers who want their mail forwarded to their new address. These COA records reflect a 6-month period relative to the move-effective date the customer provided. FastForward COA data is updated weekly.

9.  On June 27, 2003, A.B. Data delivered to the United States Postal Service (USPS) the Notice Packet by First Class mail, postage prepaid to 1,310 shareholders and 2,693 Banks and Brokers.

10. As of July 22, 2003, A.B. Data received back a total of 206 pieces of Undeliverable as Addressed (UAA). 18 UAA pieces had forwarding addresses from USPS and were re-mailed. A total of 188 pieces remain Undeliverable as Addressed.

11. As of July 22, 2003, A.B. Data has additionally received 1,162 names and addresses of potential Class Members from brokerage firms, banks, institutions and other nominees, in the form of lists and labels requesting that Notice Packets be mailed to these individuals. These names and addresses were data entered into A.B. Data's database. A.B. Data then mailed the Notice Packets.

12. Also, A.B. Data has received two bulk requests from Brokers for Notice Packets to forward on to their customers. A.B. Data fulfilled all such requests.

13. In the aggregate, a total of 876 Notice Packets were disseminated to potential Class Members through July 21, 2003.

14. As of July 22, 2003, A.B. Data has received one Request for Exclusion (attached hereto as Exhibit B) and no Objections from Class Members.

2

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23 day of July , 2003 at Milwaukee, WI.

Anya Verkhovskaya-Cohen

SUBSCRIBED and SWORN before me on the 23 day of July, 2003.

Notary Public *Commission Exp. march, 2007*



3

EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| TERESA BAUMAN, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. Action No. 4-01-CV-00756 GH |
| SUPERIOR FINANCIAL CORP., C. STANLEY BAILEY, RICK D. GARDNER, C. MARVIN SCOTT, HOWARD B. McMAHON, JOHN M. STEIN, BEN F. SCROGGIN, BRIAN A. GAHR, JOHN E. STEURI, DAVID E. STUBBLEFIELD, ERNST & YOUNG, LLP, and JOHNNY McCALEB. | ) ) ) ) ) ) ) ) | CLASS ACTION |
| Defendants. | ) ) ) | |

NOTICE OF PENDENCY OF CLASS ACTION,
SETTLEMENT AND HEARING THEREON

TO:   ALL PERSONS AND ENTITIES WHO PURCHASED THE COMMON STOCK OF SUPERIOR DURING THE PERIOD FROM JANUARY 20, 2000, THROUGH AND INCLUDING APRIL 1, 2002, INCLUDING ANY AND ALL OF SUCH PERSONS' AND ENTITIES' AGENTS, SUCCESSORS IN INTEREST, REPRESENTATIVES, TRUSTEES, EXECUTORS, ADMINISTRATORS, HEIRS, ASSIGNS OR TRANSFEREES, IMMEDIATE AND REMOTE, AND ANY PERSON OR ENTITY ACTING FOR OR ON BEHALF OF, OR CLAIMING UNDER ANY OF THEM, AND EACH OF THEM, AND EXCLUDING THE DEFENDANTS, MEMBERS OF THEIR IMMEDIATE FAMILIES, ANY SUBSIDIARY OR AFFILIATE OF SUPERIOR, THE DIRECTORS AND OFFICERS OF SUPERIOR OR ITS SUBSIDIARIES AND AFFILIATES, OR ANY ENTITY IN WHICH ANY EXCLUDED PERSON HAS A CONTROLLING INTEREST, AND THE LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS AND ASSIGNS OF ANY EXCLUDED PERSON OR ENTITY.

PLEASE READ THIS NOTICE CAREFULLY

THIS NOTICE RELATES TO A PENDING CLASS ACTION AND A PROPOSED SETTLEMENT OF THIS ACTION AND CONTAINS IMPORTANT INFORMATION AS TO YOUR RIGHTS TO OBTAIN A SHARE OF THE SETTLEMENT AS FURTHER DESCRIBED BELOW.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and an Order of the United States District Court for the Eastern District of Arkansas, Western Division (the "Court"), that there is pending in the Court two class actions which have been consolidated into one action (the "Action") against defendants Superior Financial Corp. ("Superior" or the "Company"), C. Stanley Bailey, Rick D. Gardner, C. Marvin Scott, Howard B. McMahon, John M. Stein, Ben F. Scroggin, Brian A. Gahr, John E. Steuri, David E. Stubblefield, Ernst & Young LLP and Johnny McCaleb (the "Defendants") on behalf of a class consisting of all purchasers of Superior common stock during the period from January 20, 2000, through and including April 1, 2002 (the "Class Period"), including any and all of their respective agents, successors in interest, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, and each of them, and excluding the Defendants, members of their immediate families, any subsidiary or affiliate of Superior, the directors and officers of Superior or its subsidiaries and affiliates, or any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person or entity (the "Class").

The Action alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, Rule 10b-5 promulgated thereunder, as well as various state common law and statutory claims. The Action alleges that, as a result of certain alleged material misstatements and omissions in connection with certain accounting practices of Superior, and the potential impact of such practices on Superior's financial position, the market price of Superior's common stock during the Class Period was artificially inflated. Defendants deny all allegations of wrongdoing made in the Action.

YOU ARE FURTHER NOTIFIED that, pursuant to the Federal Rules of Civil Procedure, the Court certified the Class (except those members thereof, if any, who file a valid, timely Request for Exclusion) for settlement purposes.

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Action or the merits of the claims or defenses asserted. This Notice is to advise you of the pendency of the Action, the proposed settlement thereof (the "Settlement"), and of your rights hereunder.

## A. Statement of Plaintiffs' Recovery and Potential Outcome of the Case

The Settlement creates a fund in the amount of $375,000 in cash (the "Settlement Funds"). Based on plaintiffs' estimate of the number of shares entitled to participate in the Settlement, the average per-share distribution would be in the range of approximately fifteen to twenty-nine cents ($0.15 to $0.29) per share before deduction of Court-approved fees and expenses. However, your actual recovery from this fund could be higher or lower than the estimated average per-share distribution and will depend on a number of variables, including the number of claimants, the expense of the process of administering the claims, and, most importantly, the price of the shares you purchased and/or sold and the timing of your purchases and sales, if any.

## B. Disagreement on Amount of Damages

Plaintiffs and Defendants do not agree on the average amount of damages per share that would be recoverable if plaintiffs were to have prevailed on each claim asserted. The issues on which the parties disagree include, among others: (1) whether the statements made or facts allegedly omitted were false, material, or otherwise actionable under the Federal securities laws; (2) the appropriate economic model

for determining the amount by which the price of Superior common stock was allegedly artificially inflated (if at all) during the Class Period; (3) whether Plaintiffs could establish the amount of damages pursuant to an economically acceptable methodology; and (4) the amount by which the price of Superior common stock was allegedly artificially inflated (if at all) during the Class Period.

## C. Statement of Attorneys' Fees and Costs Sought

Plaintiffs' counsel have not received any payment for their services in prosecuting the Action on behalf of plaintiffs and the Class Members, nor have they been reimbursed for their out-of-pocket expenditures. If the Settlement is approved by the Court, counsel for plaintiffs will apply to the Court for attorneys' fees and costs of up to twenty percent (20%), or seventy-five thousand ($75,000), of the settlement proceeds to be paid from the Settlement Funds.

## D. Reasons for Settlement

Counsel for plaintiffs believe that the Settlement is fair and reasonable, is an excellent recovery and is in the best interests of the Class. Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that plaintiffs would not have prevailed on any of their claims, in which case the Class would receive nothing. Among other things, Defendants filed motions to dismiss the Action, and Plaintiffs faced the possibility that all or many of the claims in this case could have been dismissed in response to these motions by Defendants. In addition to denying any and all liability to the Class, the amount of damages recoverable by the Class was, and is, challenged by Defendants. Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law and, had the Action gone to trial, Defendants intended to assert that none of the losses were caused by fraud. In addition, because the per share price of Superior stock rose rapidly and markedly following the close of the Class Period, which coincided with the filing by Superior on April 1, 2002 of its 2001 Annual Report on Form 10-K that contained a restatement of financial results for the four previous reporting periods, recoverable damages in this case are limited by a statutory calculation of damages in accordance with 15 U.S.C. § 78u-4(e).

While Defendants deny all charges of wrongdoing, they have agreed to settle the Action on the basis proposed in order to put to rest all further controversy and to avoid substantial expenses and the inconvenience and distraction of burdensome and protracted litigation.

## E. Identification of Plaintiffs' Representatives

Any questions regarding the Settlement should be directed in writing to the following plaintiffs' Co-Lead Counsel

S. Gene Cauley, Esq.
Cauley, Geller, Bowman & Coates, LLP
11001 Executive Center Drive
P.O. Box 25438
Little Rock, Arkansas 72211

William M. Hudson, Esq.
Oats & Hudson
Gordon Square
100 East Vermillion Street, Suite 400
Lafayette, LA 70501

3

Bill D. Reynolds, Esq.
Nolan, Cadell & Reynolds, P.A.
122 N 11th Street
Fort Smith, Arkansas 72901

## I. BACKGROUND OF THE ACTION

The Action was commenced on November 2, 2001, with the filing by Plaintiff, Teresa Bauman ("Bauman"), of a complaint against Superior Financial Corp. ("Superior" or the "Company"), C. Stanley Bailey ("Bailey"), Rick D. Gardner ("Gardner"), and Ernst & Young LLP ("Ernst & Young") alleging violations of the 1934 Securities Exchange Act.  On January 4, 2002, Plaintiff, Yuichi Kashima ("Kashima"), filed a complaint containing the same allegations against Superior, Bailey, Gardner, C. Marvin Scott ("Scott") and Ernst & Young alleging violations of the 1934 Securities Exchange Act, which action was consolidated with the Bauman action.

On January 7, 2002, Bauman, Kashima and Catherine Melms (collectively, the "Lead Plaintiffs") filed a Motion asking this Court to appoint them as Lead Plaintiffs to represent all members of the class in this litigation.  On February 28, 2002, the Court approved the Motion for Appointment of Lead Plaintiffs.

On July 11, 2002, the Lead Plaintiffs caused to be filed a Second Consolidated Class Action Complaint asserting violations of federal securities and state laws and alleging that certain persons who purchased or otherwise acquired Superior's securities between January 20, 2000 and February 4, 2002, paid artificially inflated prices.  The class period has been extended from January 20, 2000 to April 1, 2002.

Lead Plaintiffs were, at relevant times during the Class Period, shareholders of Superior.

Superior is the holding company of Superior Bank (formerly Superior Federal Bank, F.S.B.) (the "Bank").  Superior's stock is publicly traded on the NASDAQ National Market under the symbol "SUFI."  Superior was, at all relevant times through April 1, 2002, a Delaware corporation with its principal place of business in Arkansas.

Bailey is Chairman of Superior's board of directors and its Chief Executive Officer.  During the class period, Gardner was Superior's Chief Financial Officer and serves as an officer and director of the Bank.  Scott is Superior's Chief Operating Officer and President and also serves as a director of the Bank.  McMahon, Stein, Scroggin and Gahr were, at times relevant to the Action, members of Superior's Board of Directors and also were members of the Board's Audit Committee.  Steuri and Stubblefield were, at times relevant to the Action, members of Superior's Board of Directors and also were members of the Board's Special Investigative Committee.  Collectively, Bailey, Gardner, Scott, McMahon, Stein, Scroggin, Gahr, Steuri and Stubblefield are referred to herein as the "Individual Superior Defendants."

Ernst & Young was, at all times relevant to the Action, Superior's outside firm of independent auditors.  McCaleb was the Ernst & Young partner in charge of the Superior audits.

On December 28, 2000, Superior terminated its application system processing provider BISYS, Inc. ("BISYS"), and, as a result, Superior was required to pay BISYS liquidated damages in the third quarter of 2001. The complaint alleges that Superior booked these expenses, as well as certain other expenses related to deconverting from the BISYS system to another processing provider, as an asset rather than writing them off as incurred expenses.   The Complaint further alleges that this misapplication of GAAP resulted in the material misstatement of the Company's financial condition.

Additionally, the Complaint alleges that Superior purchased a block of non-performing, government-guaranteed loans from Matrix Capital Bank (the "Matrix loans"). Approximately two months later, Matrix was required to subservice these loans when the loan servicing agent, Harbor Finance Mortgage Corp., filed bankruptcy. The Complaint alleges that, as a result of various difficulties encountered by Superior in collecting the Matrix loans, Superior should have booked certain of the loans as losses (thereby increasing its loan loss reserve) and reducing the Company's valuation of the assets.

Subsequent to the filing of the original complaint, on November 5, 2001, Superior's board of directors created a Special Committee to investigate allegations regarding the accounting for the BISYS and Matrix transactions. The Special Committee was comprised of two directors who were not also employees of Superior or members of the audit committee. The Special Committee was authorized to conduct a thorough investigation with the assistance of independent outside counsel. The Special Committee promptly conducted its investigation, which included, among other things, extensive interviews with Superior's management, auditors from Ernst & Young, and certain of the Company's former employees. On November 14, 2001, the Special Committee reported to the full board of directors and the independent auditors its conclusion that the allegations of fraud were not supported by the facts established during the investigation.

The Complaint alleges that Superior's 1999 financial results disclosed on January 20, 2000 and filed on March 30, 2000 with the SEC, the 2000 financial results filed March 28, 2001 and the first three quarters of financial statements for fiscal year 2001 were false as they materially overstated revenue and income and understated liabilities. The basis of the Complaint's allegations revolves around Superior's accounting for the BISYS contract and the Matrix loans.

In February, 2002, the Special Committee obtained access to additional information and renewed its investigation. On February 13, 2002, the Special Committee delivered to the full Board of Directors a supplemental report in which the Special Committee concluded that its original conclusions remained unchanged and that it found no evidence of any illegal activity, conspiracy, or bad faith on the part of management of the Company with respect to the matters subject to the investigation.

On February 4, 2002, Superior announced that it would delay release of its year-end 2001 earnings pending completion of a review of the Company's financial statements by management and Ernst & Young. Superior advised that, as soon as the review was completed, the Company would promptly release earnings and would announce a restatement of earnings for any prior periods to account conservatively for the BISYS conversion.

Upon subsequent completion of the accounting analysis pertaining to the BISYS transaction, as well as the Matrix loan portfolio, Superior announced, on April 1, 2002, that, in consultation with its auditors, it was restating its financial statements for the four most recent quarters: the fourth quarter of 2000 and the first three quarters of 2001. The purpose of the restatement was to reflect adjustments for the cumulative expenses of the BISYS project over the entire period in which deconversion took place,

beginning with Superior's notice of termination to BISYS in December 2000 and ending with the completion of the deconversion in November, 2001. Specifically, Superior restated its financial statements for the four previous periods to reflect recognition of after-tax expense of $1.4 million in addition to after-tax expense of $458,000 previously recognized in third quarter 2001 and after-tax expense of $643,000 recognized in fourth quarter 2001. The $1.4 million of after-tax expense that was restated was allocated as follows:

(1) Early termination fees of $454,000 were expensed in the fourth quarter of 2000 based on a formula contained in the BISYS Services Agreement, assuming that the termination had occurred as originally scheduled in July 2001. Superior concluded that the expense was reasonably estimable at the time of the December 28, 2000 termination notice. However, since the deconversion did not occur until the fourth quarter of 2001, additional early termination fees of $41,000 calculated with reference to the formula, were expensed in each of the first, second and third quarters of 2001.

(2) Deconversion fees of $366,000 were expensed over the eight-month early termination period measured from the notice of termination in December 2000 through the proposed deconversion date in July 2001. Of this total, $46,000 was expensed in each of the fourth quarter 2000 and the third quarter 2001, and $137,000 was expensed in each of the first and second quarters of 2001. The company allocated the deconversion fees over the early termination period because the amounts paid were attributable to additional processing costs related to deconversion and incurred throughout the deconversion process.

(3) Additional processing costs of $478,000 were expensed in the third quarter of 2001. These amounts represent the rate called for under the Services Agreement for processing services performed beyond the early termination period.

In addition to the conversion costs described above, Superior incurred certain conversion costs of $156,000 after tax, related primarily to training provided by the new data processor. The restatement reflected allocation of these costs in the amounts of $40,000, $32,000 and $84,000 in first, second and third quarters of 2001, respectively. Also at year end 2001, management reviewed Superior's net valuation of the Matrix portfolio and, based on ordinary contingencies of recovery in the bankruptcy of the primary seller/servicer and claims against the secondary servicer, Superior further reduced its valuation of the Matrix portfolio by an additional $400,000 after tax, or $0.05 earnings per diluted share.

On or about August 9, 2002, Superior filed a Motion to Dismiss the Complaint asserting that the allegations in the Complaint failed to state a legal claim and should be dismissed. Plaintiffs responded by filing an Opposition to the Defendants' Motions to Dismiss on or about October 21, 2002.

Thereafter, counsel for plaintiffs and counsel for Defendants engaged in extensive negotiations regarding the possibility of settling the Action. These negotiations ultimately led to the Settlement.

Defendants deny any wrongdoing in connection with the claims alleged in the Action, but, nevertheless, without acknowledging in any way any fault, wrongdoing or liability whatsoever, have concluded that further defense of the Action would be protracted, burdensome and expensive and, therefore, are willing to enter into the Settlement solely in order to eliminate the controversies and to avoid further expense and inconvenience.

The attorneys for the plaintiffs have conducted a thorough investigation into and analysis of the facts and the law relating to the matters at issue in the Action; have considered carefully the likelihood of success against the Defendants and the likely total damages which could be recovered against the Defendants; have conducted extensive arms'-length settlement negotiations with counsel for Defendants; and have determined, after taking into account the substantial benefits conferred on the Class by the Settlement, that the Settlement would be fair, reasonable and adequate and in the best interests of the Class.

## II. THE HEARING

A hearing (the "Final Approval Hearing") will be held before the Honorable George Howard, Jr., United States District Judge, United States District Court for the Eastern District of Arkansas, Western Division, on July 25, 2003 at 9 am, United States Courthouse, 600 West Capitol Avenue, Little Rock, Arkansas 72201, for the purposes of determining whether the Settlement is fair, reasonable, and adequate and whether it should be approved by the Court; whether judgment should be entered dismissing the Action with prejudice; whether the method of allocation for the distribution of the Settlement Fund should be approved as fair and reasonable; and to consider plaintiffs' application for an award of attorneys' fees and reimbursement of disbursements. The Final Approval Hearing may be adjourned from time to time by the Court at the Final Approval Hearing or any adjourned session thereof without further notice.

## III. THE SETTLEMENT AND PLAN OF ALLOCATION

The following description of the Settlement is only a summary, and reference is made to the text of the Stipulation, on file with the Court, for a full statement of its provisions:

1.      The Settlement Fund consists of $375,000 in cash. The Settlement Fund, after certain payments described below, will be distributed to Authorized Claimants (as defined below) on the following basis, in accordance with 15 U.S.C. § 78u-4(e):

(1)      Except as provided in subparagraph (2) hereof, the award of damages to a Claimant shall be limited to the difference between the purchase or sale price paid or received, as appropriate, by the Claimant for the subject security and the mean trading price of that security during the 90-day period beginning on April 1, 2002, and ending on June 30, 2002, which mean trading price has been determined to be $18.72 per share.

(2)      If a Claimant sold or repurchased Superior stock after April 1, 2002, but prior to June 30, 2002, the Claimant's damages shall be limited to the difference between the purchase or sale price paid or received, as appropriate, by the Claimant for Superior stock and the mean trading price of the security during the period beginning April 1, 2002 and ending on the date on which the Claimant sold or repurchased the stock.

(3)      For purposes of this paragraph, the "mean trading price" of Superior stock shall be the average of the daily trading price of the stock, determined as of the close of the market each day during the periods referred to in subparagraphs (1) and (2).

2.      Each person claiming to be an Authorized Claimant shall be required to submit the accompanying Proof of Claim that includes a release of Defendants and other Releasees from all Released Claims, signed under penalty of perjury and supported by such documents as specified in the Proof of Claim as are reasonably available to the Authorized Claimant.

7

3.     All Proofs of Claim must be postmarked or received by November 25, 2003 ("Recognized Claims"). Unless otherwise ordered by the Court, any Class member who fails to submit a Proof of Claim within such period, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments from the Net Settlement Proceeds, but will, in all other respects, be subject to the provisions of the Stipulation and the final judgment entered by the Court, including the release of all Settled Claims against the Defendants and other Releasees.

4.     A "Claim" will be computed pursuant to the Plan of Allocation approved by the Court. Only those Claims that meet the requirements for distribution under Paragraph III.1.(1) or (2) shall be considered Recognized Claims. Distributions under this Plan of Allocation shall be deemed conclusive as against all Authorized Claimants.

5.     The date of purchase or sale of Superior common stock is the "contract" or "trade" date as distinguished from the "settlement" date.

6.     For Class members who made multiple purchases during the Class Period or multiple sales, the First-In-First-Out ("FIFO") accounting method shall be utilized for the purpose of matching purchases of stock with the sales. Transactions resulting in a gain shall not be included in the computation of Recognized Claims.

7.     The purchase and sale price of Superior common stock does not include commissions or other charges for the purchase or sale of such stock.

8.     No person shall have any claim against plaintiffs' counsel, the Claims Administrator or other agent designated by plaintiffs' counsel, based on the distribution made substantially in accordance with the Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court. No person shall have any claim against any Defendant, Defendants' counsel, or any of their agents, based on the oversight, administration and/or distribution of settlement proceeds. All Class Members who fail to complete and file a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Proceeds (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of the judgment entered and releases given.

9.     Upon approval of the Settlement by the Court and entry of a judgment that becomes a final judgment and upon satisfaction of the other conditions to the Settlement, described below, the Settlement Fund will be distributed under the Court's direction and supervision as follows:

(a)     to pay all unpaid costs and expenses reasonably and actually incurred in connection with administering the Settlement Fund;

(b)     to pay Class counsels' fees, expenses and costs, with interest thereon (the "Fee and Expense Award") if and to the extent allowed by the Court;

(c)     to pay the reasonable costs incurred in the preparation of any tax returns required to be filed on behalf of the Settlement Fund as well as the taxes (and any interest and penalties determined to be due thereon) owed by reason of the earnings of the Settlement Fund; and

(d)   to pay the claims that have been finally allowed by the Court pursuant to the Plan of Allocation.

10.   At a date one year after the first disbursement of funds from the Common Fund under paragraph 10, or after all Recognized Claims have been paid, or four (4) months after all checks for Recognized Claims have been issued, whichever is earlier, the escrow agent will disburse any and all remaining monies in the escrow account that are in excess of such funds as the escrow agents determines are reasonably necessary to make any disbursements for which it has received instructions from the Claims Administrator, but for which some or all of the disbursement or disbursements contemplated by those instructions have not yet occurred, to Superior and the Individual Superior Defendants, or their duly authorized representative(s) or agent(s).

11.   If the Settlement is approved by the Court, the Court will enter a judgment which will dismiss the Action with prejudice against Defendants, and bar and permanently enjoin plaintiffs and each Class Member from prosecuting in any way the Settled Claims against Defendants and the other Releasees defined in the Stipulation. The Court shall retain jurisdiction over implementation of the Settlement, disposition of the Settlement Fund, hearing and determining plaintiffs' counsels' application for attorneys' fees, costs, interest, expenses (including fees and costs of experts and/or consultants) and enforcing and administering the Settlement, including any releases executed in connection therewith.

## IV. ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

Counsel for the Class will apply to the Court at the Final Approval Hearing for an award of fees of up to twenty percent (20%) of the value of the Settlement ($75,000). All amounts recoverable by Counsel for the Class will be paid from the Settlement Fund prior to distributions from the Settlement Fund to the Authorized Claimants.

## V. NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES

Banks, brokerage firms, institutions, and other persons, who as nominees purchased the common stock of Superior during the period from January 20, 2000 through April 1, 2002, inclusive, have been directed by the Court, within ten (10) days of receipt of this Notice, to (1) provide the Claims Administrator with the names and addresses of each such beneficial owner, preferably on computer-generated mailing labels or, if there are more than 2,000 names and addresses, on a 3½" diskette, CD-ROM or ZIP JAZ media, or, at their option, to (2) forward a copy of this Notice to each such beneficial owner and provide the Claims Administrator with written confirmation that the Notice has been so forwarded. Additional copies may be obtained from the Claims Administrator for forwarding to such beneficial owners. All such requests should be in writing, as follows:

**Claims Administrator**
**Superior Financial Corp. Securities Litigation**
**c/o A.B. Data, Ltd.**
**P.O. Box 170062**
**Milwaukee, WI 53217**

## VI.   THE RIGHTS OF CLASS MEMBERS

If you are a Class Member, you may receive the benefit of, and you will be bound by, the terms of the Settlement described in Part III of this Notice, upon approval of the Settlement by the Court.

You may request to be excluded from the Class if you file a written request for exclusion with the Clerk of the Court, United States District Court for the Eastern District of Arkansas, United States Courthouse, 600 West Capitol Avenue, Little Rock, Arkansas 72201 and mail a copy of such exclusion to: Claims Administrator, Superior Financial Corp., Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 170062, Milwaukee, WI 53217, in an envelope postmarked not later than July 15, 2003. Any requests for exclusion must indicate on the envelope "Request for Exclusion – Superior Financial Corp. Securities Litigation." must provide: (a) your name, address, telephone number; (b) the number of shares of Superior common stock purchased and sold during the Class Period; (c) the dates of and prices paid or received on all such purchases and sales; (d) the total market loss suffered in connection with the purchase and sale of Superior common stock; and (e) the reason you are requesting exclusion. Persons who request exclusion must also include documentation, such as brokerage statements, establishing trading in Superior common stock. Persons who request exclusion will not be entitled to share in the benefits of the Settlement and will not be bound by any judgment entered in the Action.

If you are a Class Member, you may, but are not required to, enter an appearance through counsel of your own choosing at your own expense. If you do not do so, you will be represented by Co-Lead Counsel for Lead Plaintiffs: Steven E. Cauley, Esq., Cauley, Geller, Bowman & Coates, LLP, P.O. Box 25438, Little Rock, AR 72221; Bill D. Reynolds, Esq., Nolan, Caddell & Reynolds, P.A.,122 N 11th Street, Fort Smith, Arkansas 72901; William M. Hudson, Esq., Oats & Hudson, Gordon Square, 100 East Vermillion Street, Suite 400, Lafayette, LA 70501.

Any Class Member who has not requested exclusion may appear at the Final Approval Hearing to show cause why the Settlement should not be approved, why the Action should not be dismissed with prejudice as against Defendants, why the proposed method of allocation should not be approved, or to present any opposition to the application of plaintiffs' counsel for fees, allowances, and disbursements; provided, however, that no such person shall be heard, unless his or her objection or opposition is made in writing and is filed, together with copies of all other papers and briefs to be submitted by him or her to the Court at the Final Approval Hearing, with the Court no later than 4:00 p.m. on July 15, 2003, and showing due proof of service by overnight mail or hand delivery on counsel of record as follows:

### Co-Lead Counsel for Plaintiffs and the Class:

S. Gene Cauley, Esq.
Cauley, Geller, Bowman & Coates, LLP
11001 Executive Center Drive
P.O. Box 25438
Little Rock, Arkansas 72211

Bill D. Reynolds, Esq.
Nolan, Caddell & Reynolds, P.A.
122 N 11th Street
Fort Smith, AR 72901

William M. Hudson, Esq.
Oats & Hudson
Gordon Square
100 East Vermillion Street, Suite 400
Lafayette, LA 70501

**Counsel for Superior Financial Corp., C. Stanley Bailey, Rick D. Gardner, C. Marvin Scott, John M. Stein, Ben F. Scroggin, Brian A. Gahr, John E. Steuri, Howard B. McMahon, and David E. Stubblefield**

Thomas J. Woodford, Esq.
Ben H. Harris, III, Esq.
Miller, Hamilton, Snider & Odom, LLC
P.O. Box 46
Mobile, Alabama 36601

Donald H. Henry, Esq.
Mitchell, Williams, Selig, Gates & Woodyard
425 W. Capitol Ave.
Little Rock, AR 72201

Any Class Member who does not make his or her objection or opposition in the manner provided above shall be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the Settlement, and to the request of plaintiffs' counsel for fees and expenses.

## VII. EXAMINATION OF PAPERS AND INQUIRIES

For a more detailed statement of the matters involved in this Action, reference is made to the pleadings, to the Stipulation, and to other papers filed in this Action, which may be inspected in the Office of the Clerk of the Court, United States District Court for the Eastern District of Arkansas, United States Courthouse, 600 West Capitol Avenue, Little Rock, Arkansas 72201, during business hours of each business day.

Other inquiries regarding the administration of the Settlement Fund or this Notice should be addressed as follows:

**Claims Administrator**
**Superior Financial Corp. Claims Administrator**
**c/o A.B. Data, Ltd.**
**P.O. Box 170062**
**Milwaukee, WI 53217**

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE EXCEPT IN PERSON TO REVIEW DOCUMENTS ON FILE OR SET FORTH ABOVE.

Dated: June 24, 2003

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS,
WESTERN DIVISION

THIS PAGE INTENTIONALLY BLANK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| TERESA BAUMAN, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>SUPERIOR FINANCIAL CORP., C. STANLEY BAILEY, RICK D. GARDNER, C. MARVIN SCOTT, HOWARD B. McMAHON, JOHN M. STEIN, BEN F. SCROGGIN, BRIAN A. GAHR, JOHN E. STEURI, DAVID E. STUBBLEFIELD, ERNST & YOUNG, LLP, and JOHNNY McCALEB,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civ. Action No. 4-01-CV-00756 GH<br>)<br>)<br>)   CLASS ACTION<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PROOF OF CLAIM AND RELEASE FORM

### IMPORTANT INSTRUCTIONS

### MAIL YOUR COMPLETED PROOF OF CLAIM TO:

Claims Administrator
Superior Financial Corp. Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 170062
Milwaukee, WI 53217

ON OR BEFORE NOVEMBER 25, 2003 IN ORDER TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT PROCEEDS DESCRIBED IN THE ACCOMPANYING NOTICE.

1.    You must be a person or entity who purchased the common stock of Superior Financial Corp. ("Superior") during the period from January 20, 2000 through April 1, 2002 inclusive (the "Class Period"), and must not have filed a request for exclusion in the above-captioned lawsuit (the "Action").

2.    TO PARTICIPATE IN THE SETTLEMENT, YOU MUST FILE THIS PROOF OF CLAIM AND EXECUTE IT UNDER THE PENALTIES OF PERJURY.

13

3.     You must attach to your Proof of Claim, legible copies of brokers' confirmations, monthly statements, correspondence, relevant portions of tax returns, or other documents showing your purchase(s) of Superior common stock during the Class Period and sales of any or all of such common stock at any time.

4.     YOUR PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN November 24, 2003, 2003 if it is mailed to the Claims Administrator at the above address by first-class, registered or certified mail, postage prepaid. If otherwise sent, it shall be deemed received when it is actually received by the Claims Administrator.

## STATEMENT OF CLAIM

5.     PLEASE TYPE OR PRINT THE FOLLOWING INFORMATION:

_____

Claimant's (Beneficial Owner's) Name *as it appears on your brokerage statement*

_____

Joint Claimant's (Joint Beneficial Owner's) Name *as it appears on your brokerage statement*

_____

Claimant's Street Address

_____        _____        _____        _____
City                                 State   Zip Code        Foreign Province        Foreign Country

Work: (____) _____Home: (____) _____
       Area Code Telephone Number                Area Code  Telephone Number

_____        _____
Type of Claimant:(Individual, Corporation, Trust, etc.)        Claimant's Social Security or Tax ID Number

_____
Record Owner's Name if different from beneficial owner listed above

6.     Number of shares of Superior Common Stock owned as of close of business on April 1, 2002 (*must be documented*): _____.

7.     PURCHASES: During the period January 20, 2000 through April 1, 2002, inclusive, I (we) made the following PURCHASES of Superior Common Stock (*must be documented*):

14

| Purchase (Trade) Date (List Chronologically) Month/Day/Year | Number of Shares Purchased | Purchase Price Per Share | Gross Purchase Price (Excluding Commissions, Taxes and Fees) |
|---|---|---|---|
| | X | = | |
| | X | = | |
| | X | = | |
| | X | = | |
| | X | = | |
| | X | = | |

8.   With respect to the specific Superior common stock listed in Nos. 6-7 above, I have SOLD some or all of those shares, as follows (*must be documented*):

| Sale (Trade) Date (List Chronologically) Month/Day/Year | Number of Shares Sold | Sales Price Per Share | Gross Proceeds from Sales (Excluding Commissions, Taxes and Fees) |
|---|---|---|---|
| | X | = | |
| | X | = | |
| | X | = | |
| | X | = | |
| | X | = | |
| | X | = | |

9.   Number of shares of Superior common stock held as of the close of business on April 1, 2002 (*must be documented*): _____ .

(If you need more space to record your transactions, you may attach additional sheets of paper.)

15

10.    Claimant affirms that:

(a)    The Social Security or Employer Identification number shown above is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

(b)    I (We) certify that I am (we are) NOT subject to any backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code.

NOTE:   If you have been notified by the Internal Revenue Service (IRS) that you are subject to backup withholding, strike out the word NOT. If you were notified by the IRS that you were subject to backup withholding but have since been notified by the IRS that you are no longer subject to backup withholding, do not strike out any part of the certification. If you have never been notified by the IRS that you are subject to backup withholding, do not strike out any part of the certification. (For additional information contact your tax consultant or the Internal Revenue Service).

Any change in your status with respect to backup withholding should be promptly reported to the Claims Administrator at the above address.

11.    (a) I am (We are) enclosing documentary proof of (i) the above purchases, (ii) sales, and (iii) shares held as of the close of business on April 1, 2002.

(b) I was (We were) not one of the Defendants in the Action, nor a subsidiary, affiliate, member of the immediate family, successor or assign of a Defendant in the Action during the Class Period and am (are) not otherwise excluded from the Class.

12.    In consideration of the aforesaid, the undersigned, on behalf of himself, herself or itself and his, her or its respective present and former officers, directors, controlling shareholders, general partners, limited partners, parent companies, subsidiaries, trusts, divisions and affiliates, their respective successors, predecessors, assigns, heirs, executors, administrators, attorneys, servants, agents and representatives, their respective related or affiliated entities, entities in which he, she or it directly or indirectly has a controlling interest, and any and all persons natural or corporate in privity with him, her or it or acting in concert with him, her or it or any of them, and for anyone claiming through any of the foregoing entities, intending to be legally bound and subject to the Settlement becoming effective does hereby fully, finally and forever relinquish, release, discharge and covenant not to sue each of the Defendants and any and all of their present and former parents, subsidiaries, affiliates, predecessors and successors, and each of their present and former officers, directors, employees, partners, and principals, trustees, attorneys, auditors, accountants, investment bankers, consultants, agents, insurers, co-insurers, re-insurers, and each of their respective heirs, executors, administrators, predecessors, successors, and assigns (hereinafter, the "Releasees") from any and all claims made in the Action arising out of the purchase, sale or ownership of Superior common stock during the Class Period, whether known or unknown, and all claims which were or could have been asserted directly, indirectly or derivatively, in the Action for any acts, facts, transactions, occurrences, representations, or omissions during the Class Period in connection with, arising out of, or in any way related to the allegations of the Complaint, any violation of law in connection therewith, or any public statements concerning or relating to Superior.

13.     Solely with respect to any and all Settled Claims, the undersigned agrees that, upon the Effective Date of the Stipulation, he, she or it shall be deemed to, and by operation of the Order and Final Judgment shall, waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The undersigned also shall be deemed to, and upon the Effective Date and by operation of the Order and Final Judgment shall, waive and relinquish any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or any principle of common law, that is similar, comparable or equivalent to § 1542 of the California Civil Code. The undersigned acknowledges that the foregoing waiver was separately bargained for as part of the Settlement and is a key element of the Settlement of which this release is a part.

14.     By executing and submitting this Proof of Claim and Release, I (we) understand that I am (we are) subject to the jurisdiction of the United States District Court for the Eastern District of Arkansas for the purpose of enforcing the Settlement and the Release of Claims.

15.     I (We) certify under penalty of perjury under the laws of the United States of America that, to the best of my (our) knowledge, information, and belief, the information on this claim form (and any additional sheets) is true and correct, and that this is the only claim being made with respect to these purchases, executed this day of _____, 2003 in _____, _____.

(City) (State/Country)

_____

Signature of Claimant

_____

(Type or Print Your Name Here)

_____

Signature of Joint Claimant, if any

_____

(Type or Print Your Name Here)

_____

Capacity of person(s) signing, if other than in an individual capacity, e.g., Beneficial Owner, Executor, or Administrator

17

## CHECKLIST

1. Remember to sign the release and certification.

2. Remember to attach supporting documentation.

3. Do not send original stock certificates.

4. Keep a copy of the completed claim form for your records.

5. If you would like to obtain an acknowledgment of receipt of the claim form by the Claims Administrator, send it Certified Mail, Return Receipt Requested.

6. If you move, please send the Claims Administrator your new address.

7. Please note that accurate claims processing takes time and you may not receive any information for several months. If you have any questions or concerns regarding your claim, please contact:

**Claims Administrator**
**Superior Financial Corp. Securities Litigation**
**c/o A.B. Data, Ltd.**
**P.O. Box 170062**
**Milwaukee, WI 53217**

EXHIBIT B

ENTERED       DM
: RECEIVED JUL 1 8 2003  COPY

Diane B. Havard
#15 53rd Street
Gulfport, MS 39507
228-863-3003

Clerk of the Court
United States District Court for the Eastern District of Arkansas
United States Courthouse
600 West Capitol Avenue
Little Rock, Arkansas 72201

RE:    Teresa Bauman, on behalf of herself and all others similarly situated
                Plaintiff,

                v.

        Superior Financial Corp., C. Stanley Bailey, Rick D. Gardner, C. Marvin
        Scott, Howard B. McMahon, John M. Stein, Ben F. Scroggin, Brian A.
        Gahr, John E. Steuri, David E. Stubblefield, Ernst & Young, LLP, and
        Johnny McCaleb,
                Defendants.

To Whom It May Concern:

I, Diane B. Havard of the above address and phone number purchased 100
shares of Superior Financial Corp. I still hold these shares. I want to be
excluded from the class action suit. I do not remember the exact purchase
price or date nor do I want to spend the time and effort it would take to
document a claim that would ultimately only profit the attorneys
representing the plaintiff. I have major problems with the fact that I am
having to go to this time and effort to opt out. I want to be excluded from
this suit and will not pay any attorney fees associated with this suit. I
understand I will not benefit from any settlement with this suit.

Sincerely,

Diane B. Havard